# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAUL AMEZCUA,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | Case No. 1:17-cv-00963-DAD-SAB-HC<br><br>FINDINGS AND RECOMMENDATION TO CONSTRUE PETITION FOR WRIT OF HABEAS CORPUS AS § 2255 MOTION AND TO DISMISS AS SUCCESSIVE |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## I.

## BACKGROUND

In 1993, Petitioner was charged with conspiring to manufacture and distribute methamphetamine, manufacturing methamphetamine, and distributing methamphetamine in the United States District Court for the Eastern District of California. Petitioner was convicted by a jury of all charges. The presentence report ("PSR") stated that the offenses involved 17.35 kilograms of "actual" methamphetamine. The Court adopted the PSR and sentenced Petitioner to life in prison. (ECF No. 1 at 2).[1]

On July 17, 2017, Petitioner filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. In the petition, Petitioner asserts that he is actually innocent of committing

---
[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

1

offenses involving "actual" methamphetamine. (ECF No. 1 at 3). In support of this claim, Petitioner relies on the government's answering brief in United States v. Amezcua, No. 15-10480 (9th Cir. May 17, 2016), which stated: "While his initial appeal was pending in 1996, the government had the drugs re-tested and the chemists confirmed that it is in fact d-methamphetamine." (ECF No. 1 at 5, 9).

## II.

## DISCUSSION

### A. Jurisdiction

A federal prisoner who wishes to challenge the validity or constitutionality of his federal conviction or sentence must do so by moving the court that imposed the sentence to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255. Alaimalo v. United States, 645 F.3d 1042, 1046 (9th Cir. 2011). "The general rule is that a motion under 28 U.S.C. § 2255 is the exclusive means by which a federal prisoner may test the legality of his detention, and that restrictions on the availability of a § 2255 motion cannot be avoided through a petition under 28 U.S.C. § 2241." Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir. 2006) (citations omitted).

Nevertheless, a "savings clause" or "escape hatch" exists in § 2255(e) by which a federal prisoner may seek relief under § 2241 if he can demonstrate the remedy available under § 2255 to be "inadequate or ineffective to test the validity of his detention." Alaimalo, 645 F.3d at 1047 (internal quotation marks omitted) (quoting 28 U.S.C. § 2255); Harrison v. Ollison, 519 F.3d 952, 956 (9th Cir. 2008); Hernandez, 204 F.3d at 864–65. The Ninth Circuit has recognized that it is a very narrow exception. See Ivy v. Pontesso, 328 F.3d 1057, 1059 (9th Cir. 2003). The remedy under § 2255 usually will not be deemed inadequate or ineffective merely because a prior § 2255 motion was denied, or because a remedy under § 2255 is procedurally barred. Id. The burden is on the petitioner to show that the remedy is inadequate or ineffective. Redfield v. United States, 315 F.2d 76, 83 (9th Cir. 1963).

"An inquiry into whether a § 2241 petition is proper under these circumstances is critical to the determination of district court jurisdiction" because § 2241 petitions must be heard in the custodial court while § 2255 motions must be heard in the sentencing court. Hernandez v.

2

Campbell, 204 F.3d 861, 865 (9th Cir. 2000). If the instant petition is properly brought under 28 U.S.C. § 2241, it must be heard in the United States District Court for the Central District of California because Petitioner is currently incarcerated at the United States Penitentiary Victorville, which is located in the Central District. Conversely, if the instant petition is in fact a disguised § 2255 motion, this Court, as the sentencing court, has jurisdiction.

A petitioner may proceed under § 2241 pursuant to the savings clause when the petitioner "(1) makes a claim of actual innocence, and (2) has not had an 'unobstructed procedural shot' at presenting that claim." Stephens, 464 F.3d at 898 (citing Ivy, 328 F.3d at 1060). In the Ninth Circuit, a claim of actual innocence for purposes of the § 2255 savings clause is tested by the standard articulated by the Supreme Court in Bousley v. United States, 523 U.S. 614 (1998). Stephens, 464 F.3d at 898. In Bousley, the Supreme Court explained that "[t]o establish actual innocence, petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him." 523 U.S. at 623 (internal quotation marks and citation omitted). Furthermore, "actual innocence means factual innocence, not mere legal insufficiency." Id.

Here, Petitioner argues that he is actually innocent of offenses involving "actual" methamphetamine, relying on the government's assertion that subsequent testing revealed that the drug at issue in Petitioner's case was D-methamphetamine. (ECF No. 1 at 5). "The drug methamphetamine exists in two isomeric forms, and the two isomers have profoundly different effects. The isomer levo-methamphetamine ("L-methamphetamine") produces 'little or no physiological effect when ingested.' Dextro-methamphetamine ("D-methamphetamine"), however, produces the high desired by the drug's users." United States v. Dudden, 65 F.3d 1461, 1470 (9th Cir. 1995) (quoting United States v. Bogusz, 43 F.3d 82, 89 (3d Cir. 1994)). At the time of Petitioner's offense, the sentencing guidelines treated D-methamphetamine much more severely than L-methamphetamine. Dudden, 65 F.3d at 1470. Petitioner has failed to establish a claim of actual innocence given that Petitioner's offenses involved D-methamphetamine, Petitioner was sentenced according to the D-methamphetamine guidelines, and Petitioner does not challenge the purity of the D-methamphetamine involved in his offense.

1    Based on the foregoing, the Court finds that Petitioner has failed to establish a cognizable claim of actual innocence for purposes of qualifying to bring a § 2241 habeas petition under the savings clause of § 2255(e). Therefore, the Court finds that the petition is a disguised § 2255 motion, over which this Court, as the sentencing court, has jurisdiction.

**B. Unauthorized Successive § 2255 Motion**

"A petitioner is generally limited to one motion under § 2255, and may not bring a 'second or successive motion' unless it meets the exacting standards of 28 U.S.C. § 2255(h)." United States v. Washington, 653 F.3d 1057, 1059 (9th Cir. 2011). That section, in turn, provides:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). Therefore, "[i]f the petitioner does not first obtain [the Ninth Circuit's] authorization, the district court lacks jurisdiction to consider the second or successive application." United States v. Lopez, 577 F.3d 1053, 1061 (9th Cir. 2009) (citing Burton v. Stewart, 549 U.S. 147, 152–53 (2007)).

Here, Petitioner has previously filed multiple § 2255 motions challenging his 1993 convictions. See United States v. Amezcua, No. 1:93-cr-05046-DAD-1 (E.D. Cal.), Doc. Nos. 361, 461, 466.[2] These § 2255 motions were all denied. Id., Doc. Nos. 380, 464, 467. Further, in 2005, the Ninth Circuit denied Petitioner's application to file a successive § 2255 motion. See Order, Amezcua v. United States, No. 05-71309 (9th Cir. May 13, 2005). The Court finds that the instant disguised § 2255 motion is "second or successive." Petitioner makes no showing that

---

[2] The Court may take judicial notice of its own records in other cases. United States v. Wilson, 631 F.2d 118, 119 (9th Cir. 1980).

4

he has obtained prior authorization from the Ninth Circuit to file this successive motion. Therefore, this Court has no jurisdiction to consider Petitioner's renewed application for relief and must dismiss the motion. See Lopez, 577 F.3d at 1061.

## III.

## RECOMMENDATION

Accordingly, the Court HEREBY RECOMMENDS that:

1. The petition for writ of habeas corpus be construed as a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 in United States v. Amezcua, Case No. 1:93-cr-05046-DAD-1; and

2. The § 2255 motion be DISMISSED as successive.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **THIRTY (30) days** after service of the Findings and Recommendation, Petitioner may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The assigned District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __**August 15, 2017**__

UNITED STATES MAGISTRATE JUDGE